**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **RUSSELL DALE MORTLAND,** | § | |
| **Petitioner,** | § | |
| | § | |
| **V.** | § | **A-12-CA-488-SS** |
| | § | |
| **HAYS COUNTY COMMUNITY** | § | |
| **SUPERVISION AND CORRECTIONS** | § | |
| **DEPT.,** | § | |
| **Respondent.** | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

To: The Honorable Sam Sparks, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 3); Respondent's Answer (Document 10); and Petitioner's response thereto (Document 12). Petitioner, proceeding pro se, has paid the filing fee for his application. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied.

## STATEMENT OF THE CASE

### A. Petitioner's Criminal History

According to Respondent, on November 29, 2007, Petitioner pleaded nolo contendere to three counts of fraudulent filing of a financing statement in cause number CR-05-582, in the 22nd

Judicial District Court of Hays County, Texas, and was sentenced to two-years incarceration, probated for five years. Petitioner also pleaded nolo contendere on November 29, 2007, to retaliation in cause number CR-05-583, in the same court, and was sentenced to ten years incarceration probated ten years. The Third District Court of Appeals reversed count three of the judgment of conviction in cause number CR-05-582, affirmed counts one and two, and affirmed the judgment of conviction in cause number CR-05-583. Mortland v. State, Nos. 03-08-29-CR & 03-08-30-CR (Tex. App.– Austin 2008). The Court of Criminal Appeals refused Petitioner's petitions for discretionary review on August 19, 2009. In re Mortland, PD-0332-09 (Tex. Crim. App. 2009). The Supreme Court refused Petitioner's petitions for writ of certiorari on January 25, 2010. Mortland v. Texas, No. 09-7670 (2010).

On May 19, 2010, Petitioner filed an application for a state writ of habeas corpus pursuant to Article 11.072 of the Texas Code of Criminal Procedure in the trial court raising the claims he raises in the instant application. Petitioner's application was denied and the trial court certified his right to appeal on February 3, 2011.The Third Court of Appeals affirmed the denial the application on August 11, 2011. Ex parte Mortland, Nos. 03-11-00194-CR & 03-11-00195-CR (Tex. App. – Austin 2011). The Court of Criminal Appeals refused Petitioner's petitions for discretionary review on January 11, 2012. Ex parte Mortland, PD-1313-11 and PD-1314-11 (Tex. Crim. App. 2012).

**B.    Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1. He was denied his Sixth Amendment right to the appointment of counsel under Rothgery v. Gillespie Cnty., 554 US. 191 (2008); and

2. He is being deprived of his Fifth Amendment right to life, liberty, and property.

**C. Exhaustion of State Court Remedies**

Respondent does not contest that Petitioner has exhausted his state court remedies regarding the claims brought in this application. A review of the state court records submitted by Respondent shows that Petitioner has properly raised these claims in previous state court proceedings.

**DISCUSSION AND ANALYSIS**

**A. The Antiterrorism and Effective Death Penalty Act of 1996**

The Supreme Court recently summarized the basic principles that have grown out of the Court's many cases interpreting the 1996 Antiterrorism and Effective Death Penalty Act. See Harrington v. Richter, – U.S. –, 131 S. Ct. 770, 783-85 (2011). The Court noted that the starting point for any federal court in reviewing a state conviction is 28 U.S.C. § 2254, which states in part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Court noted that "[b]y its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." Harrington, 131 S. Ct. at 784.

One of the issues Harrington resolved was "whether § 2254(d) applies when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied." Id. Following

all of the Courts of Appeals' decisions on this question, Harrington concluded that the deference due a state court decision under § 2554(d) "does not require that there be an opinion from the state court explaining the state court's reasoning." Id. (citations omitted). The Court noted that it had previously concluded that "a state court need not cite nor even be aware of our cases under § 2254(d)." Id. (citing Early v. Packer, 537 U.S. 3, 8 (2002) (per curiam)). When there is no explanation with a state court decision, the habeas petitioner's burden is to show there was "no reasonable basis for the state court to deny relief." Id. And even when a state court fails to state which of the elements in a multi-part claim it found insufficient, deference is still due to that decision, because "§ 2254(d) applies when a 'claim,' not a component of one, has been adjudicated." Id.

As Harrington noted, § 2254(d) permits the granting of federal habeas relief in only three circumstances: (1) when the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of the Supreme Court; (2) when the earlier decision "involved an unreasonable application of" such law; or (3) when the decision "was based on an unreasonable determination of the facts" in light of the record before the state court. Id. at 785 (citing 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 412, 120 S. Ct. 1495, 1523 (2000)). The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of . . . [the Supreme Court's] decisions as of the time of the relevant state-court decision." Dowthitt v. Johnson, 230 F.3d 733, 740 (5th Cir. 2000) (quotation and citation omitted).

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than . . . [the Supreme Court] has on a set of materially indistinguishable facts.

Id. at 740-41 (quotation and citation omitted). Under the "unreasonable application" clause of § 2254(d)(1), a federal court may grant the writ "if the state court identifies the correct governing legal principle from . . . [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 741 (quotation and citation omitted). The provisions of § 2254(d)(2), which allow the granting of federal habeas relief when the state court made an "unreasonable determination of the facts," are limited by the terms of the next section of the statute, § 2254(e). That section states that a federal court must presume state court fact determinations to be correct, though a petitioner can rebut that presumption by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1). But absent such a showing, the federal court must give deference to the state court's fact findings. Id.

**B.    Denial of Counsel**

Petitioner claims he was denied counsel at his initial appearance before Magistrate Judge JoAnne Prado, who informed Petitioner of what he was being charged with and set bond. He believes he was denied counsel in violation of Rothgery v. Gillespie Cnty., 554 U.S. 191 (2008).

Petitioner raised this same claim in his state applications for habeas corpus relief. The Third Court of Appeals held, contrary to Petitioner's contention, Rothgery did not hold that a defendant has a right to counsel at his initial appearance before a judicial officer; that is, it did not hold that this appearance is a critical stage of a criminal proceeding. The court explained Rothgery held only that the Sixth Amendment right to counsel attaches at such an appearance and that counsel must be appointed (or the defendant must be given the opportunity to retain counsel) within a reasonable time thereafter. The court concluded Petitioner did not allege, much less demonstrate, that he was denied counsel at a critical stage.

Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence. As explained by the state court, Petitioner was not denied counsel during a critical stage of his criminal proceedings. Accordingly, Petitioner's claim does not warrant federal habeas relief.

**C. Due Process**

Petitioner also claims he is being "deprived of life, liberty, or property, without due process of law." He claims he continues to be held on probation with restrictions and that he was deprived of "property in the form of money for court fees and fines, forced attorney fees, probation fees and personal property seized" and held by the Office of the Attorney General.

After entering pleas of nolo contendere, Petitioner was ordered to pay $319 in court costs, a fine of $2,500, attorneys' fees of $450 and a $50 fee to the probation department. Petitioner fails to explain how he was denied due process, and it appears Petitioner received all the process that was due.

**RECOMMENDATION**

It is recommended that Petitioner's application for writ of habeas corpus be denied.

**CERTIFICATE OF APPEALABILITY**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c) (1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 8th day of April, 2013.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE